UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DOROTHY MAKONI, and<br>The ESTATE OF AUNE ORRE, On behalf of<br>Themselves and all others so similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC,<br>WELLS FARGO BANK, NA, as TRUSTEE FOR<br>SECURITZED ASSET BACKED RECEIVABLES<br>LLC TRUST 2005-FR2 MORTGAGE PASS-<br>THROUGH CERTIFICATES SERIES 2005-FR2,<br>and DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, as TRUSTEE OF THE INDYMAC<br>INDX MORTGAGE LOAN TRUST 2005-AR18,<br>MORTGAGE PASS-THROUGH CERTIFICATES,<br>SERIES 2005-AR18<br><br>*Defendants.* | C.A. #  4:19-cv-10553 |

**PLAINTIFFS MOTION FOR LEAVE TO AMEND AND INCORPORATED
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION**

Now come the Plaintiffs, by and through their undersigned counsel, whom respectfully request this Honorable Court to grant leave, thereby permitting Plaintiffs to file a Second Amended Class Action Complaint, for the reasons as set forth herein.

**FACTUAL BACKGROUND**

On March 22, 2019 the Plaintiff filed the above entitled action in United States District Court for the District of Massachusetts alleging wrongful and void foreclosure based on alleged breaches of the terms of her mortgage contract in accordance with M.G.L. c. 244 § 14. The alleged breaches were based on the Plaintiff's contention that the required pre-acceleration/ pre-

foreclosure default/right to cure notice purportedly sent to the Plaintiff omitted a 5 day prior to the foreclosure deadline on the Plaintiff's contractual right to reinstate the mortgage after acceleration and rendered a statement that the Plaintiff "could still avoid foreclosure by paying the total past due amount before a foreclosure sale take place" inaccurate and potentially deceptive. See Thompson v. JP Morgan Chase Bank, N.A., 915 F.3d 801, 805 (1st Cir.) ("Thompson II") contained an inaccurate and misleading statement. On May 2, 2019 the Plaintiff amended her lawsuit as a class action since the alleged breaches were found in multiple plaintiffs' foreclosure matters. See Smith v. Ocwen Loan Servicing LP, (4:20-cv-113115-TSH)[1]. The Defendants have not filed a responsive pleading in this action. As this Court is aware the above noted Thompson II decision was certified to the Massachusetts Supreme Court to answer the question as to whether or not the statement that a homeowner "could still avoid foreclosure by paying the total past due amount before a foreclosure sale take place" was inaccurate and potentially deceptive in a way that would render a foreclosure void. Thompson v. JP Morgan Chase Bank, N.A., 931 F.3d 109 (1st Cir.2019 ("Thompson III"). On September 17, 2019, this Honorable Court granted a joint motion to stay this case until a decision by the SJC in the Thompson matter was rendered. On November 25, 2020 the SJC rendered a decision answered the certified question in the negative. On November 30, 2020 counsel for the Appellee in the Thompson case (who is also counsel for the Plaintiffs in this matter) filed a motion for reconsideration which is pending before the SJC. On December 11, 2020 the Motion for Reconsideration in Thompson was denied.

---

[1] Plaintiff in Smith filed an identical motion to amend based on the same notice language challenged in this case. The only difference between the Smith case and this matter is the Plaintiff in Smith had already been foreclosed and is seeking to void the foreclosure where as the Plaintiffs in this case have not been foreclosed on yet and are seeking a declaration that the notices that contain the challenged language are not in strict compliance with the mortgage because they language contradicts the right to reinstate after acceleration.

Upon review of the Thompson decision from the SJC in conjunction with the required pre-foreclosure default/right to cure notices in this case, Plaintiffs' counsel discovered additional language in the purported notice that appears to be problematic and not in strict compliance with proper notification of the Plaintiffs' right to reinstate the mortgage as outlined in Paragraphs 19 and 22 of the Mortgage as well as information from the Plaintiff which indicated that Plaintiff never received a Notice of Acceleration pursuant to the terms of the Note. The notices state on that "If your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved". This statement is additional and unnecessary language in the notice that is not in strict compliance with the Plaintiffs' mortgages or in substantial compliance with 35A because it may serve to water down, contradict or nullify the Plaintiffs' unequivocal right to reinstate their mortgages and to "still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place". Such ambiguous and unnecessary language gives the Defendants the power to delay acceptance of or reject the Plaintiffs tender of payment pursuant to their unequivocal right to reinstate under Paragraphs 19 and 22 of the Mortgage and rights to cure under c. 244, Section 35A. Such language conflicts with the Plaintiffs right to "*pay*[s} Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred" (emphasis added) pursuant to the Plaintiffs' contractual right to reinstate and further serves to allow the Defendants to reject payment or continue to proceed enforcing their rights of acceleration and foreclosure if the Plaintiffs tenders payment that is less than the whole accelerated balance in breach of the Plaintiffs unequivocal right to reinstate. Such language also is contrary to Plaintiffs right to "avoid foreclosure by *paying* the total past due" (emphasis added).

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. Rule 15(a) a party may amend its pleadings by leave of court or by written consent of the adverse party; "[L]eave shall be freely given when justice so requires." In Foman v. Davis, 371 U.S. 178 (1962), the court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." Id. at 230. "It is too late in the day, and entirely contrary to the spirit of the Federal Rules of Civil Procedure, for decisions on the merits to be avoided on the basis of such mere technicalities...The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome, and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. Rule 15(a) declares that leave to amend "'shall be freely given when justice so requires'". If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "'freely given'". Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178 (1962).

## ARGUMENT

In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "'freely given'". Plaintiffs request here is not an undue delay. On September 17, 2019 this Court stayed the matter until Thompson was decided by the SJC. After the SJC issued its' opinion and judgment in Thompson, the Plaintiffs' counsel worked diligently and in a timely fashion to file a Motion for Reconsideration in Thompson and further research the facts of the Plaintiffs' case and upon discovery of enhancement to their allegations as presented in the Complaint their Counsel drafted the proposed Second Amended Complaint as attached hereto.

    Further, there is no evidence of bad faith or dilatory motive on the part of the Plaintiffs. The Plaintiffs have simply done more research into the facts of their case as well as consideration of the recently decided Thompson decision with respect to their allegations and allegations of potential members of the potential class of Plaintiffs and seek to present it. Moreover, there is no undue prejudice to the Defendants. While "delay in moving to amend also increases the risk that the opposing party will not have an adequate opportunity to prepare his case on the new issues raised by the amended pleading." (See Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 1488 at 670-71 (1990)), those concerns are absent here. In fact, the Defendants have been on notice of Plaintiffs' claims regarding the ineffectiveness of their notices, foreclosures and sales since the Pinti decision in July of 2015. As stated by the First Circuit in Thompson II, "the bank is the one writing the notice and has ample opportunity and expertise to make it entirely accurate". Therefore, for the sake of judicial economy as well as the resources of the Defendants, the Plaintiffs respectfully suggests that the Defendants would have an advantage by dealing with this very serious and potentially very costly issue in this one case as opposed to an unknown and potentially overwhelming number of separate lawsuits filed by a varying number of attorneys.

Permitting Plaintiffs to amend at this stage would not reduce Defendants ability to defend this action. "Courts denying motions to amend have often done so because the proposed amended complaint would complicate litigation at the last minute." Id. Plaintiffs, however, are not seeking to amend their complaint on the eve of trial, or after a lengthy discovery process has already concluded. In fact, the herein motion, rather than complicating this litigation, actually reduces it by eliminating legal theories. The Proposed Second Amended Complaint may actually increase Defendants ability to defend this action rather than face an unknown number of separate lawsuits that will be filed by various attorneys and pro se litigants which would result in a waste of resources for the Defendant and the Courts.

The Joint Motion to Stay this matter was filed due to the previously pending matter of Thompson v. JP Morgan Chase, SJC-12798 (Nov. 25, 2020) before the Massachusetts Supreme Judicial Court. According to the language of the Motion to Stay, the outcome of Thompson would "likely affect the outcome" of this case. This certainly does not mean that the outcome of Thompson would be automatically dispositive and would absolutely control the outcome of this matter. Rather, it was Plaintiff's understanding that Thompson would provide guidance as to the outcome of this matter and that further review of the allegations and possible amendment of allegations would be warranted following review of the Thompson decision from the SJC. That is exactly what happened here.

In the Proposed Second Amended Complaint Plaintiffs allege that the Defendants breached the mortgage contracts by sending purported default/right to cure notices which state that "If your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved". This statement is additional and unnecessary language in the notice that is not in strict compliance with the

Plaintiffs' mortgages because it may serve to water down, contradict or nullify the Plaintiffs' unequivocal right to reinstate their mortgages and to "still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place". See. Fed. Nat'l Mortg. Ass'n v. Marroquin, 74 N.E.3d 592, 595 (Mass 2017) (notice stating that mortgagor "may have a right to reinstate" "significantly, and inexcusably, differed from, watered . . . down, and overshadowed the notice that was contractually and legally required by the mortgage").

    The SJC held in Thompson that the language that the mortgagor "can still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place" effectively extended the Plaintiffs' unequivocal right to reinstate after acceleration to "anytime" before the foreclosure. Unlike the inconsistent language in Thompson that was found in the Mortgage's 5 day limitation on the right to reinstate after acceleration, however, the inconsistent language in this case is found in the notice itself. Contrary to the Representative Plaintiff's unequivocal right to reinstate that was extended to "anytime" before the foreclosure, the default/right to cure notice states on page 3 that "If your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved". Acceleration of the mortgage means that the entire total balance of the mortgage becomes immediately due and payable and establishes the Mortgagee's right to foreclose and sell the property. Likewise, acceleration of the mortgage loan effectively renders the entire whole balance of the loan immediately due and payable. Since the "total amount due" when the mortgage is accelerated is the accelerated amount, the additional language in the notice as noted above is contrary to, waters down and infringes upon the Plaintiffs unequivocal right to reinstate the mortgage by paying less the accelerated amount "anytime" before the foreclosure. Likewise, the overly general, ambiguous and unnecessary language in the notices in this case give the Defendants the power to potentially

delay acceptance of or reject the Plaintiffs' tender of payment pursuant to their unequivocal right to reinstate under Paragraphs 19 and 22 of the Mortgage. Such general language without any stated parameters or boundaries further serves to allow the Defendants to reject payment or continue to proceed enforcing their rights of acceleration and foreclosure if the Plaintiffs tender payment that is less than the "whole" accelerated balance in breach of the Plaintiffs' unequivocal right to reinstate and to "avoid foreclosure by paying the total past due". See. M.G.L. c. 244, §19 ("total amount due" refers to the *whole* accelerated amount rather than the "*past* due" partial amount).

Upon review of the Thompson decision by Plaintiff's counsel, the open question as to the meaning of "total *past* due amount" within the body of the language in question was answered. Since the mortgage in question provided for an expiration of the right to reinstate 5 days before the sale, Plaintiff's counsel had a legitimate and plausible question as to whether or not the words "total *past* due amount" was referring to the arrearage amount as opposed to the accelerated amount within 5 days of the sale. The Thompson decision effectively answered this question by clarifying that these words are referring to the arrearage/reinstatement amount and that such arrearage/reinstatement amount can be paid "anytime" before the foreclosure to avoid foreclosure. In addition, the Thompson opinion confirmed that the relatively nascent standard of strict compliance in regard to a Paragraph 22 Notice contains an element of avoidance of "potential deception".

In light the above new developments and clarity concerning the standard of strict compliance outlined in the Thompson opinion, the Plaintiff avers that the Proposed Amended Complaint is not only based on "new evidence" but also based on "new law" and guidance from the SJC. Since the SJC in Thompson answered the above questions and based on the Plaintiff's

contention that words matter especially when evaluated under a standard of strict compliance, it follows that Plaintiff's contention that the words "total amount due" without reference to the word "past" could plausibly mean the accelerated amount as opposed to the arrearage/reinstatement amount. Therefore, the Proposed Amended Complaint's allegations that the words, "if your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved", do not strictly comply with the right to reinstate after acceleration and are potentially deceptive are indeed plausible. For it is potentially deceptive for these words to suggest that the Defendant could unilaterally not accept payment or accept less than the immediately due and payable accelerated amount without resolving the matter. Needless to say if the Plaintiff considered the necessary pre-foreclosure acceleration of the note and mortgage, the entire amount of which is immediately due and payable, the Plaintiff could potentially be deceived into believing that she would still be in foreclosure, that the loan would not be reinstated and the matter would "not be resolved" by this "problematic" language.

As stated above, rather than state "if your payment . . . is for less than the total *past* due amount", the notice states "if your payment . . . is for less than the total amount due . . . this matter will not be resolved". Why did the mortgagee as the drafter of this notice chose to distinguish these phrases by excluding the word "past" if not to mean that the "total amount due" means the accelerated amount ? What do these words mean when it is not distinguished or explained whether or not the "total amount due" is the accelerated amount or the reinstatement amount since the "total *past* due amount" means the reinstatement amount ? It creates an unavoidable repugnancy within the notice that fails to strictly comply with Paragraph 22 of the Mortgage that is potentially deceptive as it could mislead the mortgagor to believe that a payment of less than the accelerated

amount will not resolve this matter. For when the loan is accelerated the "total amount due" is the accelerated amount since this phrase does not reference the word "past" which would implicate the "past" due payments rather than the "total amount due" when the loan is accelerated and thus "immediately due and payable" as defined by the mortgage, note and plain meaning of the word "acceleration". Therefore, when the phrase references a payment that is "less than the total amount due" under a standard of strict compliance the phrase is very well referring to a payment that is less than the accelerated amount which would also include the reinstatement amount since the reinstatement amount is indeed less than the "total amount due" when the loan is accelerated. This plausible interpretation of these words runs contrary to the right to reinstate since the phrase states that the matter will not be resolved if a payment is made that is less than the accelerated amount.

When reading the notice as a whole the notice essentially states that the mortgagor can still avoid foreclosure by paying the "total *past* due amount", but reserves the right not to accept the payment while also reserving the right to reject or accept any payment that is less than the "total amount due". These statements contradict each other. Furthermore, the statement in using the disjunctive "or" in the statement creates a general contention that if the mortgagee does not acccpt the payment the matter will not be resolved which amounts to an independent assertion from the mortgagee reserving its rights to proceed with foreclosure if it accepts a partial payment.

Representative Plaintiff also alleges that the Defendants failed to send the Class Plaintiffs required Notices of Acceleration pursuant to the terms of the Notes and Mortgages as condition precedents to said foreclosures. "It is well established that a mortgage and note are to be read together" Kattar v. Demoulas, 433 Mass. 1 (2000) nt. 7. Thus, a note coupled with its security, ie. the mortgage, constitute one contract for breach of contract purposes. See Mayo v. Fitchburg & Leominster St. Ry., 269 Mass. 118, 121 (1929). Furthermore, "[A]lthough a mortgage and a note

are separate entities in Massachusetts that can be split, it has long been recognized that a mortgage ultimately depends on the underlying debt for its' enforceability". Deutsche Bank Nat'l Trust Co. v. Fitchburg Capital LLC, 471 Mass. 248, 254 (2015); quoting Eaton v. Fed. Nat'l Mort. Ass'n., 462 Mass 569, 576, 578 n. 11(2012); citing Crowley v. Adams, 226 Mass. 582, 585 (1917), Wolcott v. Winchester, 15 Gray 461 (1860), Howe v. Wilder, 11 Gray 267, 269-270 (1858). The Plaintiffs' Note states that [I]f Lender exercises the option to require immediate payment in full, "Lender shall give Borrower notice of acceleration". Based on the above noted caselaw and plain and clear language of the contract, the Plaintiffs allege that the "Defendants failed to send and the Plaintiffs failed to receive a Notice of Acceleration pursuant to the terms of the Note which is a condition precedent to foreclosure".

.        These allegations, should they prevail at trial, would render the notices and any resulting foreclosure and sale void. Wherein the foreclosure and sale are allegedly void, the Defendants could not possibly be prejudiced. Rather, if the Plaintiffs are not afforded the relief and leave as requested herein, they would be the only party to be so prejudiced. Furthermore, as a matter of "justice" as described in Rule 15 there may be a large number of Class Plaintiffs who can not afford an attorney but are entitled to relief from foreclosures that occurred as a result of the misleading notices. Plaintiffs aver that in some cases the only way these people are going to obtain relief from their invalid foreclosures is by way of a class action against the Defendants. Moreover, the Plaintiffs have demonstrated that they have a meritorious claim which should be tested on the merits.

Moreover, most courts accept that Rule 15(c) provides that a properly granted amendment shall relate back to the date of the original pleading. "The parameters of this relation-back doctrine incorporate several underlying policies, not the least of which is to ameliorate the effect of the

statute of limitations." (See <u>Mainella v. Staff Builders Ind. Svcs. Inc.</u>, 608 A.2d 1141, 1143 (R.I. 1992) citing <u>Siegel v. Converters Transportation, Inc.</u>, 714 F.2d 213, 216 (2d Cir. 1983)); (<u>6A Wright, Miller & Kane, Federal Practice and Procedure</u>: Civil 2d § 1497 (1990). Specifically, the relation back test is "whether the amended pleading alleges a matter that arises out of the same 'conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'" Id. citing Super. R. Civ. P. R. 15(c).

Plaintiffs assert that they have satisfied the requisite relation back test found in Rule 15(c). Specifically, the Proposed Second Amended Complaint relies on the previously alleged grounds that the breach of contract as alleged and the resulting wrongful foreclosure and sale arose out of similar conduct as set out – or as attempted to be set out – in the original pleading.

## CONCLUSION

Plaintiffs herein assert that they have demonstrated that there is no evidence of undue delay on their part in requesting leave to amend, that there exists no evidence of bad faith on their part, there have been no previous requests to amend, that Defendants will not be prejudiced by their request herein, that their proposed amendments are not futile, and that the proposed amended pleading alleges matters that arise out of the same conduct, transaction, or occurrence set forth in the original pleading.

WHEREFORE, for the reasons as stated in the foregoing, the Plaintiffs, by and through their undersigned Counsel, hereby respectfully request this Honorable Court to grant them leave to Amend their Complaint pursuant to Fed. R. Civ. P. Rule 15(a).

Dated: February 8, 2021

                                               Respectfully Submitted, Plaintiffs,
                                               By their Attorney,
                                               Todd S. Dion, Esq.

>/s/ *Todd S. Dion*
>Todd S. Dion, Esq. (659109)
>15 Cottage Avenue, Ste 202
>Quincy, MA 02169
>401-965-4131 Phone
>401-270-2202 Fax
>toddsdion@msn.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2021, a copy of the foregoing document, filed through the CM/ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on the parties listed on the NEF as not receiving electronic notice.

*/s/ Todd S. Dion*