|   |   |
|---|---|
| The ESTATE OF AUNE ORRE, on behalf of Themselves and all others so similarly situated,<br>　　　Plaintiffs,<br><br>　　v.<br><br>OCWEN LOAN SERVICING, LLC, and DEUTCHE BANK NATIONAL TRUST COMPANY, as TRUSTEE OF THE INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR18, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR18,<br>　　　Defendants. | CIVIL ACTION<br>19-10553-TSH |

**Memorandum of Decision and Order**
**March 31, 2023**

**HILLMAN, S.D.J.**

## Background

The Estate of Aune Orre ("Orre Estate," or "Plaintiff") [1], on behalf of herself and others similarly situated, filed an Amended Complaint ("First Amended Complaint") against Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company (together, "Defendants"), alleging that the foreclosure of her property was wrongful and is void as the result of breaches of the mortgage contract. More specifically, Plaintiff alleges in the First Amended Complaint that the pre-foreclosure default/right to cure notice sent to her omitted a five-day prior to the foreclosure sale deadline on her contractual right to reinstate the mortgage after acceleration

---

[1] Dorothy Makoni who was a representative plaintiff in the original and first amended complaints voluntarily dismissed her claims on July 30, 2021. *See Stipulation of Dism. As to Pl., Dorothy Makoni* (Docket No. 33). Therefore, Orre Estate is the lone representative Plaintiff. For ease of reference, the Court will refer to the Orre Estate utilizing feminine pronouns.

thereby rendering the statement that she "could still avoid foreclosure by paying the total past due amount before a foreclosure sale takes place" inaccurate and deceptive.

The Plaintiff's claim has been undermined by a recent First Circuit ruling that renders the First Amended Complaint subject to dismissal for failure to state a plausible claim. Consequently, Plaintiff has filed a motion for leave to amend her complaint to assert a claim that different language in the pre-foreclosure default/right to cure mortgage notice was misleading and not in strict compliance with the right to reinstate her mortgage and therefore, the foreclosure sale is void. For the reasons set forth below, that motion is *denied*.

## The Legal Groundwork: The *Thompson* Ruling

While a mortgagee is not required to obtain judicial approval prior to foreclosing on a mortgaged property, Massachusetts law requires mortgagees to comply strictly with two types of mortgage terms:

> (1) terms "directly concerned with the foreclosure sale authorized by the power of sale in the mortgage" and (2) terms "prescribing actions the mortgagee must take in connection with the foreclosure sale — whether before or after the sale takes place."

*See Pinti v. Emigrant Mortg. Co.*, 33 N.E.3d 1213, 1220-21 (Mass. 2015) (*citing U.S. Bank Nat'l Ass'n v. Ibanez*, 941 N.E.2d 40, 49 (Mass. 2011)). Additionally, before foreclosing on the mortgaged property, a mortgagee "first [must] comply[ ] with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale." *See* Mass.Gen.L. ch. 183, § 21. Massachusetts law further provides that before a mortgagee accelerates a mortgage obligation and forecloses based on borrower default, the mortgagee must give the mortgagor a right to cure notice which provides "that the mortgagor may redeem the property by paying the total amount due, prior to the foreclosure sale." *See* Mass.Gen.L. ch. 244, § 35A(c)(8).

A case involving different parties raising the same claim² asserted by Plaintiff in the First Amended Complaint was filed earlier in this Court (Zobel, S.D.J.) and was dismissed for failure to state claim. *See Thompson v. J.P. Morgan Chase Bank, N.A.*, No. 18-10131-RWZ, 2018 U.S. Dist. LEXIS 79959, (D. Mass. May 11, 2018 )(*Thompson I*)(defendants strictly complied with mortgage contract provisions). On appeal, the First Circuit, after finding that defendants and the banking community in general had raised concerns which "might prompt the SJC to reexamine its precedents," certified to the Massachusetts Supreme Judicial Court ("SJC") the question of whether, given the five-day deadline language in the mortgage contract, the statement in a default and acceleration notice that stated only that a mortgagor "could still avoid foreclosure by paying the total past due amount before a foreclosure sale take place render[ed] the notice inaccurate or deceptive" such that "subsequent foreclosure sale [would be] void under Massachusetts law." *Thompson v. JP Morgan Chase, N.A.*, 931 F.3d 109, 111 (1ˢᵗ Cir. 2019)(*Thompson II*)(internal quotation marks omitted). On September 17, 2019, this Court granted a joint motion by the parties to stay this case until the SJC answered that question. The SJC answered "no." *See Thompson v. JPMorgan Chase Bank, N.A.*, 486 Mass. 286 (Mass. 2020)(*Thompson III*).

In deciding that the answer to the question certified by the First Circuit was no, the SJC noted that the mortgage contract stated that "[a]ll rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law." *See Thompson III*, 486 Mass. at 288. The SJC further noted that the applicable law (§ 35A), which gives the mortgagor the right to reinstate a mortgage *any time* prior to a foreclosure sale supersedes the

---

² The claim being that, where the mortgage contract provides that a mortgagor may avoid foreclosure by paying the total past-due amount before a foreclosure sale takes place but must do so no later than five days before the scheduled sale, a pre-foreclosure/right to cure notice that omits the five-day deadline is inaccurate and deceptive.

conflicting provision of the mortgage contract. *See id.*; *see also* 209 CMR § 56.04 The SJC then determined that the notice sent to the plaintiffs/mortgagors could not be misleading for omitting reference to the five-day deadline provided for in the mortgage contract because under Massachusetts law, the five-day deadline does not apply. *See Thompson III*, 486 Mass. at 288. The First Circuit then affirmed the district court's dismissal of the plaintiffs' complaint. *See Thompson v. JP Morgan Chase, N.A.*, 982 F.3d 809 (1st Cir. 2020)(*Thompson IV*).[3]

## Standard of Review

The Federal Rules of Civil Procedure mandate that courts "should freely give leave [to amend] when justice so requires." *See Keach v. Wheeling & Lake Erie Ry. Co. (In re Montreal, Me. & Atl. Ry., Ltd.)*, 888 F.3d 1, 12 (1st Cir. 2018). Fed. R. Civ. P. 15 authorizes amendment only by leave of court. *See id.*; *see also* Fed. R. Civ. P. 15(a)(2). Courts must freely grant leave to amend unless the amendment "would be futile, or reward . . . undue or intended delay." *See Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994) (citations omitted); s*ee also Hamilton v. Partners Healthcare Sys.*, 879 F.3d 407, 415 (1st Cir. 2018); *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006); and *Northeast Federal Credit Union v. Neves*, 837 F.2d 531, 534 (1st Cir. 1988). "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *United States ex rel. Ge v. Takeda Pharm. Co.*, 737 F.3d 116, 128 (1st Cir. 2013) (*citing Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227 (1962)); *see also D'Agostino v. EV3, Inc.*, 802 F.3d 188, 191-92 (1st Cir. 2015).

---

[3] Unless otherwise noted, future references to *Thompson* shall refer to the First Circuit opinion in *Thompson IV*.

4

**Discussion**

Plaintiff seeks leave to amend her complaint to assert that the pre-foreclosure default/right to cure notice sent to her was inaccurate and deceptive because it creates confusion as to whether the "total amount due" reference in the notice could mean the accelerated amount as opposed to the arrearage amount. Defendants assert that Plaintiff's motion to amend must be denied because of the significant amount of time that has passed before she sought leave to amend, because they will be prejudiced if the motion is granted, and because the proposed amendment is futile.

Undue Delay

"Appreciable delay alone, in the absence of good reason for it, is enough to justify denying a motion for leave to amend." *Calderón-Serra v. Wilmington Tr. Co.*, 715 F.3d 14, 20 (1st Cir. 2013). "This inquiry considers the reasonableness of the time between the filing of the motion for leave and a variety of points at which a party would become aware of a need to amend, such as the filing of a motion to dismiss, a dismissal order, or the discovery of new information that substantially alters the substance or viability of the claims." *Amyndas Pharm., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 37 (1st Cir. 2022).

While the Plaintiff could have asserted the proposed claim in the First Amended Complaint[4], she was prevented from seeking leave to amend that pleading in a timely manner as the result of circumstances beyond her control. More specifically, this case was stayed for a lengthy period while the First Circuit issued its ruling in *Thompson*.[5] Plaintiff's motion to

---

[4] Plaintiff was not a party to the original complaint.
[5] The First Circuit's *Thompson* ruling was delayed after the panel's original opinion reversing the district court was withdrawn and the dispositive legal question certified to the SJC. *See Thompson v. JP Morgan Chase, N.A.*, 931 F.3d 109, 111 (1st Cir. 2019) and *Thompson II*. The SJC's answer and the First Circuit's ultimate ruling were further delayed due to the COVID-19 pandemic.

amend was filed a reasonable time after the issuance of *Thompson* opinion, which invalidated her claim. Therefore, Plaintiff motion to amend will not be denied for undue delay.[6]

Prejudice to the Opposing Party

"[T]he reason offered for seeking leave to amend must be a 'valid' one . . . But even if the reasons are valid, the court must consider whether and to what extent the opposing party would be unfairly prejudiced as a result of a delayed amendment." *Amyndas Pharm.*, 48 F.4th, at 37-38; *see Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) ("Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy'"); *see also Acosta-Mestre v. Hilton Int'l*, 156 F.3d 49, 52 (1st Cir. 1998).

While this case would be prolonged, the Court finds that were the motion to amend be allowed, discover would not have to be re-opened, nor would Defendants have to alter their tactics or trial preparation. Therefore, the delay will not result in significant additional costs, or any other definable prejudice to the Defendants. Accordingly, the motion will not be denied on prejudice grounds.

Futility

For obvious reason, where a proposed amended complaint is futile, leave to amend should be denied. A proposed amended complaint is futile when it fails to state a claim "sufficient to survive a motion to dismiss, [and] our review . . . is, for practical purposes,

---

[6] While the court has found that Plaintiff has not unduly delayed in seeking to amend her complaint, Defendants' argument is not without merit. As noted by Defendants, Plaintiff did not discover "new evidence" supporting a different legal cause of action, rather the sole claim asserted in her First Amended Complaint was invalidated by the *Thompson* ruling. As a result, Plaintiff seeks to restate her claim by attacking different language in the same notice that was at issue in her First Amended Complaint.

identical to review of a Rule 12(b)(6) dismissal based on the allegations in the amended complaint." *See Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 132 (1st Cir. 2006); *see also Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted"). On a Rule 12(b)(6) motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937 (2009)(citing *Bell Atl. Corp*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *See Clark v. Boscher*, 514 F.3d 107, 112 (1st Cir. 2008) (citation to quoted case omitted); *see also Ocasio-Hernàndez,* 640 F.3d at 13.

*The Language at Issue*

Paragraph 22 of the Plaintiff's mortgage contract provides that she be given notice prior to acceleration following any breach. The notice shall specify:

> (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to [mortgagor] , by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this [mortgage] and sale of the Property. The notice shall further inform [mortgagor] of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of [mortgagor] to acceleration and sale. If the default is not cured on or before the date specified in the notice, [mortgagee] at its option may require immediate payment in full of all sums secured by this [mortgage] without further demand.

7

Paragraph 19 of Plaintiff's mortgage contract addresses her right to reinstate after acceleration and provides, in relevant part, as follows:

> [Mortgagor] shall have the right to have enforcement of this [mortgage] discontinued at any time prior to the earliest of: (a) five days before the sale of the Property … (b) such other period as Applicable Law might specify for the termination of [mortgagor's] right to reinstate; or (c) entry of judgment enforcing this [mortgage]. Those conditions are that [mortgager]: (a) pays [mortgagee] all sums which then would be due under this [mortgage] and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this [mortgage], including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting [mortgagee's] interest in the Property and rights under this [mortgage] and … .

Thus, Paragraph 19 of the mortgage contract sets forth the terms by which a borrower has the right cure, that is, to reinstate after acceleration, while Paragraph 22 requires that the mortgagee provide notice of the same to the mortgagor and specifies the information which must be included in the notice.

Paragraph 16 of the mortgage contract states that "[a]ll rights and obligations contained in this [mortgage] are subject to any requirements and limitations of Applicable Law."

In this case, Defendants sent Plaintiff a pre-foreclosure default/right to cure notice which stated, "[i]f your payment is not accepted, or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved." In her proposed amended complaint, Plaintiffs asserts that since the "total amount due" when the mortgage is accelerated "is the accelerated" amount, the language contained in the notice "is contrary to, waters down and infringes upon the [Plaintiff's] unequivocal right to reinstate the mortgage and to 'still avoid foreclosure [by] paying the total past due amount before a foreclosure sale takes place.' " *See* proposed *Second Amended Complaint* (Docket No. 25-1), at

8

pp. 11-13. More specifically, Plaintiff asserts that this ambiguous and unnecessary language gives the Defendants the power to delay acceptance of or reject the Plaintiff's tender of payment pursuant to her unequivocal right to reinstate the mortgage under Paragraphs 19 and 22 and her right to cure under §35A. She furthers alleges that the language allows Defendants to reject payment or continue to proceed to their right of acceleration and foreclosure if the Plaintiff tenders payment of less than the whole accelerated balance, which according to her, would be in breach of her right to reinstate by paying the "total past due."

*Whether Plaintiff's Proposed Amendment States a Plausible Claim for Relief*

Plaintiff requests that the Court permit her to assert a claim that the language at issue in the default/right to cure notice is ambiguous and contradictory[7] and does not strictly comply with the relevant provisions of the mortgage contract governing her right to reinstate, *i.e.,* Paragraphs 19 and 22 and therefore, the foreclosure is void. She argues that permitting her to amend her complaint to reformulate her claim would not be futile as her claim is distinguishable from that decided in *Thompson*. Defendants, on the other hand, argue that allowing Plaintiff to amend her compliant would be futile because she is challenging the identical mortgage language which was upheld in *Thompson*.

"Massachusetts law requires that the paragraph 22 notice given to the mortgagor be accurate and not deceptive .. and the Supreme Judicial Court has made clear that inaccuracy or deceptive character can be fatal." *Thompson,* 982 F.3d at 812. For the reasons set forth below, the Court finds *Thompson* bars Plaintiff's proposed challenge to different language in the

---

[7] As noted, Plaintiff argues the language is deceptive and incompatible with Plaintiffs' right to reinstate after acceleration as it could mislead the mortgagor into believing that payment of less than the accelerated amount would not resolve issues with their mortgages. Plaintiff also suggest that the phrase could be read to refer to an accelerated amount *or* the arrearage/reinstatement amount and that the use of the disjunctive "or" creates an inference that if the mortgagee does not accept the payment the matter will not be resolved.

Paragraph 22 default/right to reinstate notice. *See Thompson III*, 486 Mass. at 41-42 (where mortgagor sent one notice which satisfied the requirements of both § 35A, and, at least facially, those of paragraph 22 of the mortgage contract, the more generous reinstatement requirement provided under §35A governs the reinstatement obligations imposed by paragraph 19 of the mortgage contract).

The Court's analysis starts with §35A which is designed to give the mortgagor a fair opportunity to cure default before the debt is accelerated and the foreclosure process commences. *See U.S. Bank Nat'l Ass'n v. Schumacher*, 467 Mass. 421, 430 (Mass. 2014); *see also Anderson v. Nationstar Mortg., LLC*,172 F. Supp. 3d 371, 377 (D. Mass. 2016). "[Section 35A], and its accompanying regulations require foreclosing mortgagees to send a notice specifying that, even after acceleration, homeowners have a legal right to 'avoid foreclosure by paying *the total past-due amount* before a foreclosure sale takes place.'" *Thompson III*, 486 Mass. at 294 (emphasis added).[8] However, "[s]trict or exact compliance" with the provisions of § 35A are "not a prerequisite of a valid foreclosure." *See Pinti v. Emigrant Mortg. Co.,* 472 Mass. 226, 239 (Mass. 2015); *see also Schumacher*, 467 Mass. at 422 (discussing failure strictly to comply with notice requirements of § 35A does not render a foreclosure void because § 35A is not part of foreclosure process); *see also Thompson III*, 486 Mass. 286 at 292

As was the case in *Thompson*, Plaintiff's mortgage contract includes a provision (Paragraph 16) which provides that her rights and obligations thereunder are subject to any requirements and limitations of applicable law." Applying the reasoning of the SJC in *Thompson*

---

[8] Specifically, §35A provides that: "(a) Any mortgagor of residential real property located in the commonwealth, shall have a 90-day right to cure a default of a required payment as provided in such residential mortgage or note secured by such residential real property by full payment of all amounts that are due without acceleration of the maturity of the unpaid balance of such mortgage. The right to cure a default of a required payment shall be granted once during any 5-year period, regardless of the mortgage holder." Mass. Gen. L. ch. 244, § 35A(a).

10

*III*, the Court finds that the content of the pre-foreclosure default/right to cure notice sent to Plaintiff must, therefore, be analyzed in light of the provisions of the mortgage contract (Paragraph 22) *and* §35A. *See Id.,* at 293. Given that the notice on its face meets the requirements of both Paragraph 22 and §35A, §35A thereby governs and less than strict compliance is necessary. The Court finds that the language of the notice complies with and accurately sets forth the requirements of §35A. Therefore, the Court does not find that Plaintiff states a plausible claim that the *alleged* ambiguous and contradictory language rendered the notice inaccurate or deceptive such that the subsequent foreclosure sale is void under Massachusetts law.[9] *Accord Lanier v PHH Mortg. Corp.*, Civ.Act. No. 21-10692-NMG, -- F.Supp.3d--, 2022 WL 3088051 (Aug. 3, 2022).

Because Plaintiff's proposed Second Amended Complaint fails to state a plausible claim for relief, her motion to amend is *denied*. The denial shall be with prejudice. It is clear that Plaintiff's First Amended Complaint fails to state a plausible claim, however, as it stands, the Court cannot close this case unless it sua sponte dismisses that pleading-- an action which is generally frowned upon by the First Circuit. Accordingly, the Court suggests that the parties confer and agree as to a joint filing to dismiss Plaintiff's First Amended Complaint. If no agreement can be reached, the Defendants shall file a motion to dismiss on or before April 18, 2023.

## Conclusion

Plaintiffs' Motion for Leave to Amend the Amended Complaint (Docket No. 25) is *denied*, with prejudice.

/s/ **Timothy S. Hillman**
TIMOTHY S. HILLMAN
SENIOR DISTRICT JUDGE

---

[9] The Court does not mean to suggest that it in fact finds that the language at issue was either ambiguous or contradictory.